1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 14, 2022

4

SEAN F. McAVOY, CLERK

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7  NIHAD K.,[1]                          No. 2:21-cv-00043-MKD

8              Plaintiff,               ORDER DENYING PLAINTIFF'S
                                        MOTION FOR SUMMARY
9        vs.                            JUDGMENT AND GRANTING
                                        DEFENDANT'S MOTION FOR
10 KILOLO KIJAKAZI, ACTING              SUMMARY JUDGMENT
   COMMISSIONER OF SOCIAL
11 SECURITY,                            ECF Nos. 14, 16

12              Defendant.

13        Before the Court are the parties' cross-motions for summary judgment. ECF

14 Nos. 14, 16. The Court, having reviewed the administrative record and the parties'

15 briefing, is fully informed. For the reasons discussed below, the Court denies

16 Plaintiff's motion, ECF No. 14, and grants Defendant's motion, ECF No. 16.

17 _____

18 [1] To protect the privacy of plaintiffs in social security cases, the undersigned

19 identifies them by only their first names and the initial of their last names. *See*

20 LCivR 5.2(c).

ORDER - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

-

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

ORDER - 2

416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

ORDER - 3

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 26, 2018, Plaintiff applied for Title XVI supplemental security

income benefits alleging a disability onset date of January 1, 2011.  Tr. 15, 68,

181-87.  The application was denied initially, and on reconsideration.  Tr. 84-89,

94-104.  Plaintiff appeared before an administrative law judge (ALJ) on July 21,

2020.  Tr. 29-53.  On September 2, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-

28.

At step one of the sequential evaluation process, the ALJ found Plaintiff has

not engaged in substantial gainful activity since October 26, 2018.  Tr. 17.  At step

two, the ALJ found that Plaintiff has the following severe impairments:

degenerative disc disease of the lumbar spine, headaches, depressive disorder, and

posttraumatic stress disorder (PTSD).  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform

light work with the following limitations:

ORDER - 6

> [Plaintiff] requires a sit-stand option (defined as changing from a sitting position to a standing position, and vice versa, every thirty minutes for five minutes at the claimant's discretion or at all, while remaining at the workstation. Sit-stand at will would also be acceptable). She cannot climb ladders, ropes and scaffolds and can only occasionally stoop, kneel, crouch, crawl, climb ramps/stairs, and reach overhead with the right upper extremity with frequent handling and fingering. She [ ] can have no exposure to extreme temperatures (cold/heat), wetness, humidity, moving or dangerous machinery, unprotected heights, or bright sunlight or flashing lights (a computer monitor would not be included). She would also need simple routine repetitive work in a predictable low-stress work environment that did not require any English reading or writing skills, or a production pace or conveyor belts, and no more than occasional and simple workplace changes.

Tr. 19.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 22. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as photo copier, parking lot attendant, and small products assembler. Tr. 23. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision. Tr. 24.

On November 27, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2. Whether the ALJ properly evaluated the medical opinion evidence.[2]

ECF No. 14 at 13.

**DISCUSSION**

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 14 at 14-17. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

---

[2] Plaintiff lists a third issue, but the issue only addresses whether the first two issues resulted in harmful error and does not raise any new arguments. ECF No. 14 at 14, 19. As such, the issue is addressed in the first two sections.

ORDER - 8

1  "The claimant is not required to show that [the claimant's] impairment could

2  reasonably be expected to cause the severity of the symptom [the claimant] has

3  alleged; [the claimant] need only show that it could reasonably have caused some

4  degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

5      Second, "[i]f the claimant meets the first test and there is no evidence of

6  malingering, the ALJ can only reject the claimant's testimony about the severity of

7  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

8  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

9  omitted).  General findings are insufficient; rather, the ALJ must identify what

10  symptom claims are being discounted and what evidence undermines these claims.

11  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.*

12  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

13  explain why it discounted claimant's symptom claims)).  "The clear and

14  convincing [evidence] standard is the most demanding required in Social Security

15  cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

16  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

17      Factors to be considered in evaluating the intensity, persistence, and limiting

18  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

19  duration, frequency, and intensity of pain or other symptoms; 3) factors that

20  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

ORDER - 9

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

416.929(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 20.

*1. Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the

objective medical evidence.  Tr. 20-21.  An ALJ may not discredit a claimant's

symptom testimony and deny benefits solely because the degree of the symptoms

alleged is not supported by objective medical evidence.  *Rollins*, 261 F.3d at 857;

*Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601;

*Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  However, the objective

1  medical evidence is a relevant factor, along with the medical source's information

2  about the claimant's pain or other symptoms, in determining the severity of a

3  claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20

4  C.F.R. § 416.929(c)(2).

5        First, the ALJ found Plaintiff's physical complaints were inconsistent with

6  the objective evidence. Tr. 20. In 2016, Plaintiff's back impairment was described

7  in imaging as a very slight anterior displacement and was then described as a T6-7

8  shallow right paracentral disc protrusion which contacted the ventral surface of the

9  cervical cord in 2018. *Id.* (citing Tr. 284, 293, 318). Plaintiff was diagnosed with

10  chronic low back pain without sciatica, and Plaintiff was referred to physical

11  therapy; the ALJ noted Plaintiff was also resistant to doing physical therapy. Tr.

12  20 (citing Tr. 283, 293). Plaintiff was then referred to a specialist, and she

13  underwent two injections with improvement, and she declined to undergo the

14  recommended radiofrequency ablation. Tr. 20 (citing Tr. 486, 504). Medical

15  records generally document normal gait, an ability to move all extremities easily,

16  negative straight leg raise tests, and some tenderness and limitations in range of

17  motion. Tr. 311, 386, 460, 467, 477. Plaintiff's migraines were noted as well-

18  controlled and improved with medication. Tr. 20 (citing Tr. 296, 302, 308).

19        Second, the ALJ found Plaintiff's mental health symptom claims were

20  inconsistent with the objective evidence. Tr. 21. One of Plaintiff's providers

ORDER - 11

noted that some of Plaintiff's reporting was inconsistent and her distress was out of proportion for the amount of time she had been in the country. *Id.*, Tr. 357. At Dr. Everhart's examination, Plaintiff had several abnormalities, but many were related to Plaintiff's lack of language and math skills, such as an inability to recognize the letters and numbers on the Trails testing. Tr. 21, 384-85. Dr. Everhart noted Plaintiff had normal eye contact, she remained on task and not easily distracted, and she is able to follow simple instructions and three-step tasks, with language interpretation. Tr. 386. Plaintiff's counseling records contain minimal objective evidence, and the records generally document Plaintiff reporting she was doing well, and medication was improving her symptoms. Tr. 21, 355, 389, 399, 405. The limited mental status examinations are largely normal, including normal appearance, behavior, eye contact, attitude, level of consciousness, speech, fund of knowledge, memory, and thought content, although she was circumstantial with a depressed mood and affect and only partial insight and fair judgment at some appointments. Tr. 356, 390-91, 400-01, 403-04, 406-07, 515-16, 518-19, 520-21.

On this record, the ALJ reasonably found Plaintiff's symptom claims were inconsistent with the objective medical evidence. This was a clear and convincing reason, along with the other reasons offered, to reject Plaintiff's symptom claims.

1

*2. Improvement with Treatment*

2      The ALJ found Plaintiff's symptom claims were inconsistent with her

3   improvement with treatment.  Tr. 20-21.  The effectiveness of treatment is a

4   relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. §

5   416.913(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th

6   Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable

7   response to treatment can undermine a claimant's complaints of debilitating pain or

8   other severe limitations).

9      First, the ALJ found Plaintiff's physical symptoms improved with treatment.

10  Tr. 20.  The ALJ noted Plaintiff's headaches were well-controlled with medication.

11  *Id.*  Plaintiff was prescribed Imitrex for her headaches, and Plaintiff reported she

12  was continuing to have migraines, but they were improving with medication.  Tr.

13  296, 302, 394.  She later reported her migraines were well controlled.  Tr. 308.

14  Plaintiff reported improvement in her spinal pain with injections and physical

15  therapy.  Tr. 20 (citing Tr. 484, 486); Tr. 283.  Plaintiff was offered radiofrequency

16  ablation, which she declined.  Tr. 20 (citing Tr. 504).  The ALJ's finding that

17  Plaintiff's physical symptoms improved with treatment is supported by substantial

18  evidence.

19      Second, the ALJ found Plaintiff's mental health symptoms improved with

20  treatment.  Tr. 21.  Plaintiff reported improvement with medication, and stated her

regimen was helping her depression.  *Id.*  Plaintiff tried multiple antidepressants but was unable to tolerate them.  Tr. 270.  She reported bupropion made her tired, and fluoxetine and citalopram caused headaches.  Tr. 274, 515.  She later reported she was "doing fairly well," and at one visit, she stated she needed an increase in her medication for her depression, and she later reported her medication was helping her depression, though her pain keeps her depressed.  Tr. 355, 357, 389, 391, 399, 401.  She also requested an increase in trazodone due to her ongoing sleep issues, and she was started on prazosin in 2020 for her nightmares.  Tr. 514-16.  Despite treatment with counseling and medication, Plaintiff reported ongoing depression, nightmares, impaired sleep, and isolation.  Tr. 426, 430, 438, 442.  However, as discussed *supra,* despite complaints of ongoing symptoms, Plaintiff's mental status examinations were largely normal.  On this record, the ALJ reasonably found Plaintiff's symptom claims were inconsistent with her improvement with treatment.  This was a clear and convincing reason, supported by substantial evidence, to reject Plaintiff's symptom claims.

### 3.  Activities of Daily Living

The ALJ found Plaintiff's symptom claims were inconsistent with her activities of daily living.  Tr. 18, 20-21.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  If a claimant can spend a substantial part of the day engaged

ORDER - 14

1  in pursuits involving the performance of exertional or non-exertional functions, the

2  ALJ may find these activities inconsistent with the reported disabling symptoms.

3  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113.

4  "While a claimant need not vegetate in a dark room in order to be eligible for

5  benefits, the ALJ may discount a claimant's symptom claims when the claimant

6  reports participation in everyday activities indicating capacities that are

7  transferable to a work setting" or when activities "contradict claims of a totally

8  debilitating impairment." *Molina*, 674 F.3d at 1112-13.

9       The ALJ found Plaintiff is independent in all activities of daily living,

10  including caring for her children, shopping, cooking, and maintaining a household.

11  Tr. 18.  The ALJ noted Plaintiff reported standing for long periods of time doing

12  housework and she reported improvement in her ability to perform activities, Tr.

13  20, and she has reported shopping alone and maintaining family relations, Tr. 21.

14  Plaintiff also reported being able to take care of her personal hygiene.  *Id.*  A

15  provider noted Plaintiff is able to leave her home, care for her children, and go

16  shopping.  Tr. 286.  Plaintiff reported receiving some assistance from family with

17  activities, and reported pain with some activities.  Tr. 43, 210-15, 386, 506.

18  Plaintiff reported improvement in her ability to perform activities with treatment

19  with physical therapy.  Tr. 458, 475, 502.

20

1   While the records document Plaintiff's ability to care for her children, they

2   do not contain any additional information regarding what the childcare entails.

3   *See, e.g.,* Tr. 273, 357, 391, 401, 406, 516.  The ability to care for others without

4   help has been considered an activity that may undermine claims of totally disabling

5   pain.  *Rollins,* 261 F.3d at 857.  However, if the care activities are to serve as a

6   basis for the ALJ to discredit the Plaintiff's symptom claims, the record must

7   identify the nature, scope, and duration of the care involved and this care must be

8   "hands on" rather than a "one-off" care activity.  *Trevizo v. Berryhill*, 871 F.3d

9   664, 675-76 (9th Cir. 2017).  The ALJ did not identify the nature, scope, nor

10  duration of the childcare.  However, any error in the consideration of Plaintiff's

11  ability to provide childcare is harmless as the ALJ gave other supported reasons to

12  reject Plaintiff's symptom claims.  Plaintiff is not entitled to remand on these

13  grounds.

14  **B. Medical Opinion Evidence**

15  Plaintiff argues the ALJ erred in rejecting the opinion of Joyce Everhart,

16  Ph.D.  ECF No. 14 at 17-19.  Plaintiff also argues the ALJ erred in not giving

17  weight to "counselor's findings" and "treatment records" but does not cite to any

18  specific opinions.  *Id.*

19  As an initial matter, for claims filed on or after March 27, 2017, new

20  regulations apply that change the framework for how an ALJ must evaluate

ORDER - 16

1    medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of*

2    *Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20

3    C.F.R. § 416.920c.  The new regulations provide that the ALJ will no longer "give

4    any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*,

5    2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §

6    416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all

7    medical opinions or prior administrative medical findings from medical sources.

8    20 C.F.R. § 416.920c(a) and (b).  The factors for evaluating the persuasiveness of

9    medical opinions and prior administrative medical findings include supportability,

10   consistency, relationship with the claimant (including length of the treatment,

11   frequency of examinations, purpose of the treatment, extent of the treatment, and

12   the existence of an examination), specialization, and "other factors that tend to

13   support or contradict a medical opinion or prior administrative medical finding"

14   (including, but not limited to, "evidence showing a medical source has familiarity

15   with the other evidence in the claim or an understanding of our disability

16   program's policies and evidentiary requirements").  20 C.F.R. § 416.920c(c)(1)-

17   (5).

18          Supportability and consistency are the most important factors, and therefore

19   the ALJ is required to explain how both factors were considered.  20 C.F.R. §

20   416.920c(b)(2).  Supportability and consistency are explained in the regulations:

ORDER - 17

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether the "clear and convincing" and "specific and legitimate" standards still apply.  ECF No. 14 at 17-18; ECF No. 16 at 8-10.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis

of medical opinions, or some variation of those standards." *Gary T. v. Saul*, No.

EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29,

2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3

(W.D. Wash. Apr. 9, 2020)). "Nevertheless, the Court is mindful that it must defer

to the new regulations, even where they conflict with prior judicial precedent,

unless the prior judicial construction 'follows from the unambiguous terms of the

statute and thus leaves no room for agency discretion.'" *Gary T.,* 2020 WL

3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet

Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d

Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

unless 'they exceeded the Secretary's authority [or] are arbitrary and

capricious.'").

There is not a consensus among the district courts as to whether the "clear

and convincing" and "specific and legitimate" standards continue to apply. *See,

e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

Nov. 10, 2020) (applying the specific and legitimate standard under the new

regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal.

Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new

regulations displace the treating physician rule and the new regulations control);

*Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at \*4-6 (N.D. Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and legitimate nor clear and convincing standard).  This Court has held that an ALJ did not err in applying the new regulations over Ninth Circuit precedent, because the result did not contravene the Administrative Procedure Act's requirement that decisions include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record."  *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at \*5 (E.D. Wash. Sept. 7, 2021).   Nevertheless, it is not clear that the Court's analysis in this matter would differ in any significant respect under the specific and legitimate standard set forth in *Lester*, 81 F.3d at 830-31.

Plaintiff has not set forth an argument with any specificity regarding the ALJ's rejection of Dr. Everhart's opinion.  Plaintiff has not challenged any of the reasons the ALJ gave to reject the opinion beyond arguing Dr. Everhart's opinion should have been given more weight than the State agency consultant's opinions. *See* ECF No. 14 at 17-19.  Plaintiff also has not demonstrated how the rejection of Dr. Everhart's opinion would be harmful error, as Plaintiff only states that proper consideration would have resulted in a different RFC but does not state how the RFC would be different.  *Id.* at 19.  Plaintiff also has not set forth an argument with any specificity regarding any other medical opinion in the record.  Thus, any

challenge to those findings is waived and the Court declines to address the issue. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.'" *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994)). Rather, the Court will "review only issues which are argued specifically and distinctly." *Indep. Towers*, 350 F.3d at 929. When a claim of error is not argued and explained, the argument is waived. *Id.* at 929-30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n.34 (9th Cir.2001) (finding an allegation of error was "too undeveloped to be capable of assessment"). Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

ORDER - 21

3. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED February 14, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 22